

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | 07 C 712 |
| v. | ) ) | Honorable Charles R. Norgle |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al. | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is the Complaint in this action. Upon review of the documents in this case, the court has become aware of a Collective Bargaining Agreement ("CBA") between the parties that includes a provision for arbitration. For the following reasons, the court, *sua sponte*, dismisses the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## I. INTRODUCTION

### A. Facts

This case arises out of a dispute concerning contributions to various employee benefit funds administered by Plaintiffs. Plaintiffs are unions and act as fiduciaries of the Hotel Employees and Restaurant Employees International Union ("HEREIU") Welfare Fund pursuant to ERISA §§ 3(1) and (37), and the HEREIU Pension Fund pursuant to ERISA §§ 3(2)(A) and

1

(37). Defendants are the owners of the Omni Hotel, at 1710 Orrington Avenue, in Evanston, Illinois.

On January 1, 1998, the parties entered into a CBA which ran through December 31, 2006. The terms of the CBA required Defendants to make contributions to the workers' pension funds. Additionally, the CBA contains a provision for the arbitration of grievances.

> **Section 37.** Difference of opinion or disputes between representatives of the Employer and any employee or Union representative regarding interpretation or alleged violation or any provision of this Agreement may become the subject of arbitration only after all steps of the grievance procedure have been utilized and have failed to produce accord between the parties.

Furthermore, Section 37 of the CBA provides that if "the matter is not resolved . . . then either the Local Union or the Employer may refer the matter to arbitration by notifying the other of such in writing."

Plaintiffs allege that on October 3, 2005, HEREIU initiated an audit of Defendants' payroll records for the time period between January 1, 2000 through January 31, 2003. Plaintiffs claim that Defendants have not made payments as required pursuant to the CBA, and as a result, owe HEREIU $81,374.90 plus accruing interest, damages, costs, and attorney's fees.

## B. Procedural History

On February 2, 2007 Plaintiffs filed their Complaint in the Northern District of Illinois, alleging violations of ERISA § 515, 29 U.S.C. § 1145, and breach of contract under the CBA. Then, on March 12, 2007, Defendants filed a Motion for a More Definite Statement. For the reasons stated below, the court, *sua sponte*, dismisses this Complaint for improper venue.

## II. DISCUSSION

### A. Standard of Review

2

Under Federal Rule of Procedure 12(b)(3), a court may dismiss a case for lack of proper venue. Where parties to a contract have agreed to arbitrate disputes arising from that contract, dismissal pursuant to Rule 12(b)(3) is appropriate. See Metro. Life Ins. Co. v. O'Malley, 392 F. Supp. 2d 1042 (N.D. Ill. 2005); see also Cont'l Ins. Co. v. M/V Orsula, 354 F.3d 603, 606-07 (7th Cir. 2003) ("A lack of venue challenge, based upon a forum selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss."); Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 733 (7th Cir. 2005) ("We have held dismissal [where both parties to a contract have agreed to arbitrate disputes] to be appropriate, and, when the question has arisen, we have held that such dismissal properly is requested under Rule 12(b)(3).") (citations omitted).

## B. Plaintiffs' Cause of Action

### 1. Arbitration in the federal courts

District courts are constantly reminded that there is a "national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 126 S. Ct. 1204, 1207 (2006). Additionally, the court notes that "parties that opt for arbitration trade the formalities of the judicial process for the expertise and expedition associated with arbitration, a less formal process of dispute resolution by an umpire who is neither a generalist judge nor a juror but instead brings to the assignment knowledge of the commercial setting in which the dispute arose." Lefkovitz v. Wagner, 395 F.3d 773, 780 (7th Cir. 2005) (internal citations omitted).

Arbitration is contractual by nature; "a party can be compelled to arbitrate only those matters that she has agreed to submit to arbitration." James v. McDonald's Corp., 417 F.3d 672, 677 (7th Cir. 2005) (citing First Options of Chicago Inc. v. Kaplan, 514 U.S. 938, 945 (1995)); see Gibson v. Neighborhood Health Clinics, Inc., 121 F.3d 1126, 1130 (7th Cir. 1997)). Federal

3

courts have long approved of arbitration as a legitimate form of dispute resolution. See Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673 (7th Cir. 1983).

The Supreme Court and the Seventh Circuit have both indicated very clearly that where a contract contains a valid arbitration clause, disputes like the one in this case usually belong in front of an arbitrator, not a district court. "[T]here is a presumption of arbitrability that may only be overcome by 'forceful evidence' of an intent to exclude the claim." Oil, Chemical & Atomic Workers Int'l Union, Local 7-1 v. Amoco Oil Co., 883 F.2d 581, 587 (7th Cir. 1989) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 585 (1960)); see also Local 75 v. Schreiber Foods, Inc., 213 F.3d 376, 380-81 (7th Cir. 2000) (quoting Warrior, 363 U.S. at 585). There is therefore a strong presumption in favor of arbitrability in this case.

### 2. *The CBA's Arbitration Clause*

As a preliminary matter, the court notes that the overarching issue in this case is the proper venue, not jurisdiction, of this action. While the court has jurisdiction over this case, the Northern District of Illinois is an inappropriate venue. See Continental Ins. Co., 354 F.3d at 608 (district court has wide discretion to dismiss a case for improper venue if the decision is in conformity with established legal principles and, in terms of the court's application of those principles to the facts of the case, is within the range of options from which a reasonable trial judge would select); see Sinochem Intern. Ltd. Co. v. Malaysia Intern. Shipping Corp., 127 S.Ct. 1184 (2007) ("A district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether these claims fall within its pendent jurisdiction.").

The parties clearly "'have a contract that provides for arbitration of some issues between them.'" See County of McHenry v. Ins. Co. of the West, 438 F.3d 813, 821 (7th Cir. 2006)

(quoting Miller v. Flume, 139 F.3d 1130, 1136 (7th Cir. 1998)). Any questions "'concerning the scope of the arbitration clause are resolved in favor of arbitration.'" Id. the applicability of such an agreement is left to the district court to decide. "Whether the parties have agreed to arbitrate is a question normally answered by the court rather than by an arbitrator." Zurich Amer. Ins. Co. v. Watts Industries, Inc., 466 F.3e 577, 580 (7th Cir. 2006) (quoting Cont'l Cas. Co., 417 F.3d at 730.

The court notes, however, that the arbitration clause at issue in the CBA contains permissive language. "If the matter is not resolved . . . then either the Local Union or the Employer may refer the matter to arbitration . . . ." Def.'s Mot. for Definite Statement, Ex. B. The existence of this language, however, cannot defeat the strong presumption in favor of arbitrability. "The use of permissive [language] . . . is not sufficient to overcome the presumption that parties are not free to avoid the contract's arbitration procedures." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 204 n.1 (1985).

HEIEU's claims against Defendants stem from the interpretation or application of the CBA between the Union and Defendants, as to what amount Defendants are required to contribute to the pension funds. The nature of the dispute is one which lends itself to arbitration. The proper venue for this dispute is thus arbitration, not the Northern District of Illinois.

This result "makes eminent sense. . . in terms of our precedent." Continental Gas Co., 417 F.3d at 733. At the time the parties signed the CBA, they opted to "trade the formalities of the judicial process for the expertise and expedition associated with arbitration." See Lefkovitz, 395 F.3d at 780. There are no ambiguities in the CBA, and the arbitration clause is expressly stated in plain language. See In re Comdisco, Inc., 434 F.3d 963, 967 (7th Cir. 2006). Therefore,

because the parties have previously agreed to arbitrate any disputes before an arbitrator, they should not now be allowed to turn their back on that agreement, in favor of litigation in the federal court. See id.

### III. CONCLUSION

For the foregoing reasons, the court, *sua sponte*, dismisses the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: 3/27/07